UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

**ATLANTIC MARINE HOLDINGS, INC.**

v.

**MARGARET TODD P/V, ET AL.**

Civil No. 2:15-cv-00066-DBH

## MOTION TO DISMISS

NOW COMES Claimant The Allen Agency ("Allen"), and moves to dismiss its claims from this action without prejudice under F.R.Civ.P. 41(a)(2) as follows:

1. Maritime liens like those at issue in this matter may be enforced *in rem* against a vessel, and *in personam* against the vessel owning debtor. 46 U.S.C. § 31325 et. Seq. Allen, a lien claimant, moves for dismissal of its claims against the in personam defendants Steven Pagels and Downeast Windjammer Cruise Lines, LLC, without prejudice and without costs.

2. Atlantic Marine Holdings, LLC, the substituted plaintiff in this matter, previously moved for dismissal of its claims against both the *in rem* vessel defendants and the *in personam* defendants Steven Pagels and Downeast Windjammers Cruise Lines, LLC, without prejudice and without costs. (Doc. #49) That motion was allowed and the plaintiff was dismissed. (Doc. # 53)

3  The vessel defendants in this matter were released from arrest on or about June 17, 2015, when Atlantic released the vessels as permitted by Supplemental Rule E(5)(c). The vessels' release effectively ended the *in rem* foreclosure proceeding because there is no longer a *res* to be adjudicated.  However, Allen maintains that the liens it holds on the vessels remain intact and follow the vessels.

4. While claimants Hyannis Harbor Tours, Inc., and Melanie Steadman (based on a non-maritime state court attachment order) filed claims and asserted *in rem* cross-claims

against certain of the vessel defendants, and *in personam* claims against the owner(s), no party has sought to re-arrest the vessels since their release. As a consequence, the *in rem* portions of their claims are rendered moot as there is no *res* in custody. No party's lien interests in a vessel or vessels was altered by the vessels' release and the mooting of the *in rem* claims because all valid maritime liens continue to attach to the vessels after release, and no existing interest in the vessels has been extinguished, modified, or adjudicated. In any event, without a *res* to adjudicate, there is no reason why Allen's *in rem* claims should not be dismissed at this time, without prejudice.

5. This leaves the *in personam* cross-claim from claimant Allen Agency and Hyannis Harbor Tours, Inc. Allen no longer wishes to continue in the action, and Allen should not be forced to continue in this action as an *in personam* Claimant where it wishes to withdraw its direct claims in this current action (reserving those claims for another day). There has been no discovery, little motion practice, and no final judgment in this matter. Judicial economy militates towards granting this dismissal without prejudice and without costs, allowing Allen to be wholly dismissed from this action as Atlantic Marine was. (Doc. #53) Dismissal without prejudice and without costs is appropriate under F.R.Civ.P. 41(a)(2).

6. Should other claimants choose to continue and pursue their *in personam* claims to judgment, Allen is not a part of those *in personam* disputes between the cross-claimants and the *in personam* defendants; any objecting parties or other holdouts have no claims with or against Allen and therefore should not delay Allen's dismissal from this suit.

WHEREFORE, Claimant Allen requests that its *in personam* claims be dismissed without prejudice and without costs; and that Allen be dismissed from this action without prejudice and without costs.

Dated at Camden, Maine this 4th day of January, 2016.

    /s/ *William H. Welte*
William H. Welte
Attorney for Allen Agency
WELTE & WELTE, P. A.
13 Wood Street
Camden, Maine 04843
(207) 236-7786
wwelte@weltelaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on the date indicated below I electronically filed the above Motion to Dismiss with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all parties listed on the electronic service list within the CM/ECF system. A copy of this filing, complete with this certificate of service was served by mail upon Intervenor and Claimant Melanie Steadman, with such service being complete on the date indicated below.

Dated at Camden, Maine this 4th day of January, 2016.

        /s/*William H. Welte*
William H. Welte

Attorney for Allen Agency